UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| DAVID RUFFIN, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. 3:16-1986 |
| v | : | |
| | | (JUDGE MANNION) |
| SUPERINTENDENT V. MOONEY et al., | : | |
| | : | |
| Defendants | | |

## MEMORANDUM

### I. Background

Plaintiff, David Ruffin, an inmate formerly confined in the Retreat State Correctional Institution, Hunlock Creek ("SCI-Retreat"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The Plaintiff names as Defendants, various employees of the Department of Corrections. Id.

On June 15, 2017, a motion to dismiss was filed on behalf of Defendants Donald O'Brien, PA-C and Dr. Stan Stanish. (Doc. 32). On August 17, 2017, the remaining Defendants filed an answer to the complaint. (Doc. 38).

By Order dated October 26, 2017, the Court denied Plaintiff's June 5, 2017 motion for entry of default. (Doc. 39, Order). On November 8, 2017, this Court's October 26, 2017 Order was returned as undeliverable, with the

notations "return to sender", and "inmate released". (Doc. 40). Ruffin has not communicated with the Court on this matter since the filing of his motion for entry of default on June 5, 2017. (Doc. 29). A search of the Department of Corrections inmate locator confirmed that Lockett is no longer incarcerated. See www.inmatelocator.cor.state.pa. For the reasons set forth below, the Court will dismiss Plaintiff's action for failure to prosecute.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press,

2

Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. See M.D. Pa. Local Rule 83.18. If his or her address changes in the course of the litigation, the litigant must immediately inform the court of such change. This Court's Standing Practice Order, which was previously provided to Plaintiff, similarly provides in relevant part as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 5 at 4). An action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b).

Ruffin's last communication with this Court was the filing of his motion for entry of default. (Doc. 29). Ruffin has not communicated with the Court since the filing of this motion. A search of the Department of Corrections inmate locator indicates that he has been released from custody. Thus, it is reasonable to conclude that Ruffin has abandoned this suit. Consequently,

because Plaintiff's dilatoriness outweighs any other <u>Poulis</u> factor, this action will be dismissed. A separate Order will be issued.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 17, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1986-01.wpd